United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE CHURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00074 |
| | § | |
| ROMEO RANGEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO RETAIN CASE AND DISMISS CERTAIN CLAIMS**

Plaintiff Willie Church, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

Plaintiff has stated deliberate indifference claims against **Officer Aaron Cavazos**, **Officer Romeo Rangel** and **Officer Sven Strack**. Further, for purposes of screening, Plaintiff has stated an excessive force claim against **Officer Aaron Cavazos**. These claims are against the officers in their individual capacity for monetary damages and as the undersigned recommends they be retained, the undersigned will order service on these defendants.

For the reasons set forth below, the undersigned also recommends Plaintiff's claims for money damages against the defendants in their official capacities be **DISMISSED with prejudice** as barred by the Eleventh Amendment. The undersigned further recommends

Plaintiff's remaining claims be **DISMISSED without prejudice** for the reasons set forth below.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the William Clements Unit in Amarillo, Texas.  Plaintiff's allegations in this case arise in connection with his previous housing assignment at the McConnell Unit in Beeville, Texas.

Plaintiff filed this action on March 15, 2023, in the San Antonio Division of the United States District Court for the Western District of Texas.  (D.E. 1).  On March 17, 2023, the case was transferred to this Court because the facts of the case occurred at the McConnell Unit which is in the Southern District of Texas. On April 25, 2023, the undersigned conducted a *Spears*[1] hearing where Plaintiff was given an opportunity to explain his deliberate

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  The purpose of a *Spears* hearing is to determine whether an inmate plaintiff should be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(d).  *Spears,* 766 F.2d at 181–82.  The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.*  The prisoner's testimony at the hearing is a more elaborate form of response to questionnaires that courts submit to prisoners so that they may set out in greater detail the bases for their claims.  *Id.*

indifference claims.  The following representations were made either in Plaintiff's Original Complaint (D.E. 1) or at the *Spears* hearing.

On about June 21, 2021, while an inmate at the TDCJ McConnell Unit, Plaintiff was removed from general population and placed in what is sometimes referred to as administrative segregation or pre-hearing detention.  The reason for this placement is unclear, but it related to an incident resulting in a disciplinary case being brought against Plaintiff and also because Plaintiff was placed on a mental health watch.  As part of this change in housing, Lt. Aaron Cavazos directed Plaintiff to undress.  Plaintiff exchanged words with Lt. Cavazos because Plaintiff believed he should be given an alternate set of clothes to wear.  Plaintiff then turned his back on Lt. Cavazos and Lt. Cavazos deployed a chemical agent which Plaintiff describes as O.C. Spray.

Plaintiff testified he had a severe and adverse reaction to the chemical agent.  Plaintiff alleges the chemical agent caused him to urinate and defecate on himself uncontrollably and that he went in and out of consciousness over the course of several hours.  Plaintiff alleges that after he was sprayed with the chemical agent, he was left unattended for two to three hours.  Plaintiff alleges Lt. Cavazos, Lt. Romeo Rangel, and Lt. Sven Strack, were aware the chemical agent was used against him, they were aware he had a severe and adverse reaction, and they failed to take any action to assist him for approximately two to three hours.  After this delay, Lt. Strack took Plaintiff to a shower where Plaintiff was allowed to rinse.  Plaintiff alleges his eyes were never properly irrigated and despite his requests, he was never taken to the medical department. Plaintiff further alleges an internal investigation resulted in findings

that the treatment of Plaintiff after the deployment of the chemical agent violated TDCJ policy.

Finally, Plaintiff testified the chemical agent has caused him to have continued vision problems, and his vision has not returned to normal. Additionally, Plaintiff alleges he has suffered emotional trauma as a result of the incident.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail but whether

he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

**IV.    DISCUSSION**

**A.    Deliberate Indifference to Plaintiff's Health, Safety and Medical Needs**

Plaintiff claims Defendants Cavazos, Rangel and Strack acted with deliberate indifference to his health, safety and serious medical needs when they failed to take any action to assist him after a chemical agent was used against him.  Plaintiff alleges he had an adverse reaction to the chemical agent resulting him losing consciousness and causing him to urinate and defecate on himself uncontrollably.  Plaintiff further maintains he was left unattended to in this state for several hours.  Plaintiff further maintains he was never taken to be seen or treated by the medical department. Plaintiff also alleges the defendant's actions or deliberate inaction resulted in lasting damage to his vision.

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege prison officials acted with deliberate indifference to serious medical needs.  *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong.  Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm."  *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)).  To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the

inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm*." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original).

Plaintiff has alleged sufficient facts to support his deliberate indifference claims that Defendants Cavazos, Rangel and Strack may be liable. Plaintiff has alleged sufficient facts to raise his claims above the level of mere speculation. *Twombly*, 550 U.S. at 555. Taken as a whole, Plaintiff's complaint and testimony give rise to a plausible inference of actionable conduct. Therefore, the undersigned recommends Plaintiff's deliberate indifference claims against **Officer Aaron Cavazos**, **Officer Romeo Rangel and Officer Sven Strack** in their individual capacity for monetary damages be **RETAINED.**

### B.    Excessive Force

Plaintiff claims Lt. Cavazos used excessive force when he deployed a chemical agent against Plaintiff. Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez,* 185 F. App'x 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must show the force was not applied in a good faith effort to maintain or restore discipline but was applied maliciously and sadistically to cause harm, and the injury

he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992). As set forth by the Supreme Court in *Hudson*, the five factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999) (citing *Hudson*, 962 F.3d at 523).

A prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Hudson*, 503 U.S. at 4. In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 40. The Supreme Court explained "the core judicial inquiry [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (citations omitted).

In the present case, Plaintiff's testimony indicates he was not compliant with Lt. Cavazos's directive to undress. Plaintiff appears to agree the order to undress was lawful and in accordance with the procedures regarding inmates being placed in segregation. Plaintiff maintains, however, that he should have been provided with some other form of clothing with which to dress himself. Plaintiff's admitted non-compliance with Lt. Cavazos's directive to undress weighs heavily against Plaintiff in determining whether Plaintiff has stated a claim. However, the alleged treatment or neglect of Plaintiff by Lt. Cavazos after the deployment of

the chemical agent is some evidence the use of force was not a good-faith effort to maintain or restore discipline but was applied maliciously and sadistically. The issue before the undersigned at the screening stage is not whether Plaintiff will prevail but whether he has alleged sufficient facts to state a claim. For purposes of screening, the undersigned finds Plaintiff has stated a viable excessive force claim against Defendant Lt. Aaron Cavazos in his individual capacity for monetary damages. The undersigned recommends this claim be **RETAINED**.

### C.     Eleventh Amendment Immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues any defendant in his official capacity for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended

that Plaintiff's claims for money damages against Defendants in their official capacities be

**DISMISSED** without prejudice.[2]

### D.      Other Claims Not Specifically Addressed in this Memorandum

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants

liberally.  *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United*

*States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)).  *Pro se* actions will not be dismissed based

on technical pleading defects and should be construed to ensure such claims are given fair and

meaningful consideration despite the unrepresented litigant's unfamiliarity with the law.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106

(1976) (*Pro se* parties are normally accorded more leniency in the construction of their

pleadings).

The undersigned has attempted to articulate and analyze Plaintiff's claims in an

impartial manner consistent with providing appropriate leniency to pro se litigants while at

the same time requiring compliance with applicable pleading and screening standards.  To the

extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in

this Memorandum and Recommendation, Plaintiff has failed to state such claim with

---

[2]Claims implicating the Eleventh Amendment are dismissed without prejudice because the Eleventh Amendment deprives the Court of subject matter jurisdiction.  *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 450 (5th Cir. 2022) (observing that "the Eleventh Amendment generally deprives federal courts of jurisdiction" over certain suits; *United States v. Texas Tech Univ.*, 171 F.3d 279, 285 n.9 (5th Cir. 1999) ("While the Supreme Court has left this question open, [the Fifth Circuit] has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction.")

sufficient factual detail or clarity to allow the claim to be identified, understood, or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

Plaintiff has alleged he was sprayed with a chemical agent without cause and thereafter the defendants neglected him. The undersigned has characterized these claims as well stated Eighth Amendment claims for excessive force and deliberate indifference. While Plaintiff has used the terms "official negligence," "official misconduct," and "official oppression," he has not articulated any factual or legal basis for these claims. Therefore, the undersigned recommends these threadbare and unexplained claims be **DISMISSED without prejudice**.

Plaintiff is further advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## V.    RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends the Court **RETAIN** Plaintiff's deliberate indifference claims against **Officer Aaron Cavazos**, **Officer Romeo Rangel** and **Officer Sven Strack**. The undersigned further recommends the Court **RETAIN** Plaintiff's excessive force claim

against **Officer Aaron Cavazos**.  These retained claims are against the officers in their individual capacity for monetary damages. The undersigned will order service on these defendants.

The undersigned further recommends Plaintiff's claims for money damages against the defendants in their official capacities be **DISMISSED with prejudice** as barred by the Eleventh Amendment.  Finally, the undersigned recommends that Plaintiff's remaining claims be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully on April 27, 2023.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).