Case 2:23-cv-00074   Document 65   Filed on 10/07/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIE CHURCH, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00074 |
| § | |
| ROMEO RANGEL, *et al.*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Summary Judgment (D.E. 38). On April 9, 2024, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 48), recommending that Defendants' motion be granted and that Plaintiff's action be dismissed with prejudice. Plaintiff timely filed his objections (D.E. 58-2)[1] on July 1, 2024. *See* D.E. 55 (ordering re-noticing of the M&R and setting deadline of July 5, 2024, for objections). The Court considers each of the objections in the order in which Plaintiff presented them.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

---

[1] Plaintiff's objections were scanned into an instrument filed on the docket at D.E. 58. However, the scans did not include the entire page, allowing the loss of information at the margins. A new scan was performed to reflect the entirety of each page and was appended at D.E. 58-2. The Court references D.E. 58-2 as the complete set of objections as if that scan was the original docketed instrument.

72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[2] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### A. Factual Disputes

First, Plaintiff requests that the Court retrieve video footage from the Texas Department of Criminal Justice (TDCJ) that would cover his escort to medical as well as times before and after that escort. D.E. 58-2, pp. 1, 12. Five months before the motion for summary judgment was filed, the Magistrate Judge advised Plaintiff that he was to seek discovery through Defendants' counsel without necessity of filing such requests with the Court. D.E. 25; Fed. R. Civ. P. 26-36.[3] And if Defendants failed to adequately respond to

---

[2] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

[3] While Plaintiff filed a discovery request with the Court, it did not include any request for such video evidence. D.E. 35.

any such requests, Plaintiff's remedy was to file a motion to compel responses to his discovery. Fed. R. Civ. P. 37. Plaintiff has not demonstrated any attempt to obtain the video evidence that he now claims is relevant.

Because he did not retrieve the evidence through discovery when he had an opportunity to do so and submit it in response to the summary judgment motion, it will not be considered. Fed. R. Civ. P. 56. The Court does not conduct discovery on Plaintiff's behalf. Instead, it considers whether the Magistrate Judge's findings and conclusions on the record already presented constitute error. Fed. R. Civ. P. 72(b). This request, to the extent it constitutes an objection, is **OVERRULED**.

Second, Plaintiff denies that he engaged in any conduct displaying a suicide risk, but only refused to answer questions and respond to orders. D.E. 58-2, p. 1. He admits, however, that he did ask for a suicide gown after he was treated as having been placed on suicide watch (rather than "P.H.D. placement"). *Id.* He complains that "technically" he should never have been placed in the constant direct observation (C.D.O.) "small holding cage" and, therefore, no use of force should have been initiated. *Id.*

Plaintiff's own argument, as set out in his objections, demonstrates that he was intentionally nonresponsive and uncooperative with medical staff's screening of his psychological status. It does not logically follow that—without the requested responses—the medical staff could, or had, ruled out any suicide risk. They were still in the process of making that determination and the search they sought was a further attempt to determine if Plaintiff was in possession of anything that could cause harm. Therefore, the Court cannot

find that the Magistrate Judge erred in finding that Defendants had reason to place Plaintiff in an observation cell and conduct the necessary search. The objection is **OVERRULED**.

Third, Plaintiff complains that the M&R's recounting of the evidence contains inconsistencies with respect to what really happened. D.E. 58-2, p. 2. He complains that the video was "tailored" and did not record the time during which he was left to urinate, defecate, and vomit on himself because those reactions started 20 to 30 minutes after the video of the use of force ended. *Id.*, pp. 2, 5. He also argues that Officer Voit was right there at the cage witnessing Plaintiff pleading for help while he urinated and defecated on himself. *Id.*, p. 4. Plaintiff's recitation of events is contradicted by the video and the medical records from his medical visits that took place after the use of force and after the time in which any claimed adverse effects allegedly took place. The objection is **OVERRULED**.

Fourth, Plaintiff complains that the timeline does not support any use of force because there could be no authorization of the use of force until after Defendants had medical clearance to place Plaintiff on constant direct observation/suicide watch and that the medical clearance could not have taken place with the cursory review of his status performed prior to the use of force; suicide watch was initiated well after the use of force. D.E. 58-2, pp. 2-3, 9. Plaintiff's argument is conclusory and contrary to the nature of a psychological evaluation. Such an evaluation includes determining if Plaintiff is in possession of instruments that could cause harm. This required a strip search. And Plaintiff

failed to comply with that order until after the application of force.  The objection is **OVERRULED**.

Fifth, Plaintiff complains that the medical records are inconsistent and can be proven false.  D.E. 58-2, pp. 3-4.  He states that he did not get medical assistance other than the nurse who observed the use of force and did not conduct a complete examination.  *Id*.  He claims that video from the "unit cameras" would bear this out.  Plaintiff failed to produce any evidence to support his assertions. And the medical records contradict his representation that he was denied medical attention after the time frame in which he claims he suffered delayed effects.  The objection is **OVERRULED**.

Sixth, Plaintiff objects because one TDCJ employee, a C.O. named Voit, was in attendance through the entire event, was sympathetic to Plaintiff, and could testify in his favor.  D.E. 58-2, pp. 4, 12.  However, Plaintiff states that he does not know how to compel witness testimony and asks that the Defendants be compelled to interrogate Voit using a polygraph technique.  *Id*.  Again, Plaintiff had the opportunity to seek discovery of this sort and seek a Court order compelling it if Defendants did not adequately respond.  But Plaintiff failed to do so.  Any testimony that he claims C.O. Voit would have provided is purely speculative and would be too late to be considered. The objection is **OVERRULED**.

Seventh, Plaintiff argues that Defendants did not offer a way for him to decontaminate because the only water offered to him was hot, which could only exacerbate the adverse effects of pepper spray.  Plaintiff offered no expert evidence to support the scientific assertion of the dangers of hot water in the context of his medical condition.

Plaintiff's reliance on the ombudsman's letter is misplaced, as it is not authenticated and recounts nothing but hearsay and the ombudsman's own conclusions regarding the credibility of witnesses. Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Expl. & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (courts cannot consider hearsay evidence in affidavits and depositions). Moreover, unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam). Consequently, the objection is **OVERRULED**.

Eighth, Plaintiff objects that the M&R recites that he was taken to medical when he was not. D.E. 58-2, p. 6. Defendants offered evidence of Plaintiff's examination, both immediately after the use of force and about one and one-half hours afterward. Plaintiff has failed to demonstrate any defect in the record evidence of this medical attention and it is competent. Plaintiff's self-serving conclusory denial that the evidence is accurate is insufficient to raise a disputed issue of material fact.

> This [summary judgment] burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original; citations omitted).  The objection is **OVERRULED**.

### B. Exhaustion of Administrative Remedies

First, Plaintiff objects to the conclusion that he failed to exhaust administrative remedies because his letter to the ombudsman was sufficient to place Defendants on notice of the claim and give them an opportunity to address it, which (he argues) is the purpose of the grievance procedure—even as he admits that he did not timely invoke the grievance process.  D.E. 58-2, pp. 6, 8.  Second, Plaintiff objects that he could not timely comply with the grievance process because his housing assignment was constantly changing during the period in which he could file a grievance and that his property, which was necessary to write a grievance, lagged behind his housing transfers.  D.E. 58-2, pp. 6-7.

In the context of this objection, he admits that he was able to write letters to the ombudsman in the same time frame in which he could have filed a grievance, and that he "figured that grieving to [the ombudsman] directly would be more efficient on my behalf to get help. And it was." *Id*. at 7.  He notes that "within days" the ombudsman conducted an administrative investigation and sought corrective action for a policy violation. *Id*. at 7-8. Plaintiff's objection demonstrates his election of remedies—that he made an intentional choice to use his resources to complain to the ombudsman rather than initiate the prescribed grievance process.

Plaintiff fails to offer any authority to support the proposition that the Magistrate Judge erred in treating his failure to exhaust administrative remedies as precluding this

lawsuit. While Plaintiff argues that the ombudsman process provided notice and an opportunity to address the matter, he has not offered any authority to show that it is equivalent to the prison grievance system—procedurally or substantively. The letter he has offered as evidence came from the Office of the Independent Ombudsman. While that office reports to the Texas Board of Criminal Justice, it is entirely separate from the Texas Department of Criminal Justice-Correctional Institutions Division. *See* Illustration, Texas Department of Criminal Justice Organizational Structure, p. 5.[4]

Plaintiff did not comply with the TDCJ-CID grievance policy, which is the policy governing whether a case may be brought in court. His objection to the Magistrate Judge's finding that he failed to exhaust administrative remedies because he chose to take a different route that he thought was better is **OVERRULED**.

### C. Excessive Force

Plaintiff objects to the evaluation of his excessive force claim. He challenges each of the *Hudson* factors. D.E. 58-2, pp. 9-11. He claims there was no need for the use of force because, again, he was not actually assigned to constant direct observation, should never have been placed in the detention cage, and thus there would have been no basis for the use of force. D.E. 58-2, p. 9. He also objects that the amount of force was excessive because he should not have been sprayed for five seconds because that "only made it worse;" three seconds was sufficient. *Id*. Plaintiff argues that he was not a threat and that Defendant Cavazos fabricated the entire situation. *Id*.

---

[4] https://www.tdcj.texas.gov/org_chart/pdfs/Org_Structure.pdf (last visited October 7, 2024).

Plaintiff fails to understand, or simply disagrees with, the Magistrate Judge's assessment of the need for force to maintain or restore discipline. Plaintiff was given an order to remove his clothing so that he and the clothing could be searched. He was warned of the consequences of his failure to comply. Plaintiff refused repeatedly to comply. While he particularly complains of the third time he was sprayed, it is clear from the video that the first two times were insufficient to gain his compliance, thus justifying an increase in the magnitude of force applied.

Plaintiff argues the facts of a case that is readily distinguishable on the same issues Plaintiff describes. He writes that it is excessive to spray an inmate with (a) mace (b) in the face, (c) keep him in four-point restraints unable to move (d) for an extended period of time (e) without fumigating the area, and (f) denying him medical attention of any kind. D.E. 58-2, p. 9. But that is not the scenario of this case. Plaintiff was sprayed with (a) pepper spray (b) to his back while he covered his face with his shirt, (c) with sufficient freedom of movement to use his shirt to wipe his face, (d) was taken out of the area after he complied with the order, (e) away from the area where the gas was sprayed (which was open to room air from the waist up), and (f) was immediately evaluated by medical staff and received additional medical attention after he had an opportunity to decontaminate.

Plaintiff's objection to the Magistrate Judge's recommendation that his excessive force claim be dismissed is **OVERRULED**.

### D. Deliberate Indifference

Plaintiff claims that he has demonstrated deliberate indifference because he was left too long in the cell with pepper spray in the air when there were readily available alternative methods to use to get his cooperation and while Defendant Rangel mocked him. D.E. 58-2, p. 10. Plaintiff's protestation that lesser methods would have been effective is belied by the fact that he refused to comply despite warnings and two sprays of lesser intensity. As noted, the cell in which he was sprayed was fully vented to the ambient air from the waist up and the duration of time he spent in the vicinity of the spray was due to his own refusal to comply with orders and to observe the warnings, requiring multiple sprays over a short period of time.

He also complains that a finding of deliberate indifference is supported by his argument that the water he was offered to shower in was too hot to effectively decontaminate him and that he was not provided with any effective measures to treat the medical need posed by his exposure to pepper spray. D.E. 58-2, p. 11. Again, his argument is not supported by evidence regarding the interaction between pepper spray and hot water. And it disregards the evidence that he was taken for a medical evaluation after the opportunity to decontaminate.

Plaintiff's objections to the Magistrate Judge's recommendation to dismiss his claim–that his serious medical needs were met with deliberate indifference—are **OVERRULED**.

### E. Qualified Immunity

Plaintiff appears to begin an objection to the recommendation in favor of Defendants on the qualified immunity defense. However, the objection trails off before stating any specific basis for the objection. D.E. 58-2, p. 11. It therefore, does not qualify as an objection. If an objection does not point out with particularity any error in the Magistrate Judge's analysis, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2).

### CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendants' Motion for Summary Judgment (D.E. 38) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

**ORDERED** on October 7, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE